[No. 9103.   Department Two.   November 25, 1910.]

H. Sweeney, *Appellant*, v. Silas Archibald *et al.*,
*Respondents.*[1]

Contribution—Payment of Judgment for Lien—Mechanics'
Liens.   In consolidated actions to foreclose mechanics' liens, the
owner, upon payment of a judgment in favor of a materialman, may
enforce contribution from the contractor who was ultimately liable
therefor.

Judgment—Form—Consolidated Actions—Multiplicity of Suits.
A technical objection to the form of a judgment, in consolidated
actions, which simply avoids a multiplicity of suits, is not ground
for reversal.

Appeal from a judgment of the superior court for King
county, Robert H. Lindsay, Esq., judge *pro tempore*, entered
May 28, 1910, upon findings in favor of the defendants, in
consolidated actions to foreclose mechanics' liens, after a trial
on the merits.   Affirmed.

*Charles E. Congleton (Milo A. Root*, of counsel), for ap-
pellant.

*Chas. F. Munday* and *J. F. Pike*, for respondents Archi-
bald.

*Walter S. Fulton*, for respondent Crane Company.

*Roberts, Battle, Hulbert & Tennant*, for respondents Ped-
erson and Western Lime Company.

Dunbar, J.—Respondents Archibald and wife were the
owners of certain real estate in the city of Seattle, and con-
tracted with Pederson, one of the respondents, to erect upon
the premises a hotel building.   Pederson sublet to appellant
Sweeney the installation of the plumbing and hot water plant.
The respondent Crane Company furnished to Sweeney, to be
used in said building, certain materials, a portion of which
was not paid for, and a lien was filed and established and

[1]Reported in 111 Pac. 788.

judgment rendered, with attorney's fee of $250.   These lien foreclosure cases were consolidated for the purpose of trial, and from the judgment rendered in three of the cases, viz., Sweeney v. Archibald, Sweeney v. Pederson, and Sweeney v. Crane Company, this appeal is taken.   The appeal is from the findings of fact and the judgment flowing therefrom, and from the judgment of $250 awarded to respondent Crane Company.

We have made a very particular examination of the testimony in all of these cases, and from such examination we have concluded that the findings of the court were fully justified and sustain the judgment rendered.   So far as the objection to the $250 attorney's fee in favor of respondent Crane Company is concerned, it is purely technical, and so far as the interests of the appellant are concerned, reaches no further than the form of the judgment.   For, conceding the correctness of the findings generally, the appellant is the principal obligor, and is ultimately responsible for the costs of the proceedings and the necessary attorney's fees; and upon payment by Archibald of respondent Crane Company's claim, he would have a right to enforce contribution against appellant. The judgment as directed by the court simply avoids a multiplicity of suits.   Affirmed.

RUDKIN, C. J., CROW, CHADWICK, and MORRIS, JJ., concur.